IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA VIEZCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-150-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Linda Viezcas seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings.[1]

I.   BACKGROUND

Ms. Viezcas applied for supplemental security income based on an alleged disability. Administrative Record at pp. 60-62 (certified Mar. 8, 2007) ("Rec."). The SSA denied the application initially and on reconsideration. *Id*. at pp. 24-25. A hearing took place,[2] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to

---

[1] The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order of Referral to United States Magistrate Judge (Feb. 7, 2007).

[2] *See* Rec. at pp. 272-91.

perform other work as a factory-worker or sewing-machine operator. *Id.* at p. 21.[3] The Appeals Council declined jurisdiction,[4] and the present action followed. In part, Ms. Viezcas alleges legal error in the consideration of two agency physicians' opinions.[5]

II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.  AGENCY PHYSICIANS' OPINIONS

Ms. Viezcas claims error in the consideration of opinions rendered by two agency physicians, Dr. Deanna Boesen and Dr. J. D. Wilson.   According to the Plaintiff, the

---

[3]   The administrative law judge stated that Ms. Viezcas could work in a bakery rather than a factory. Rec. at p. 21. But the Plaintiff concedes that the reference to bakery work was probably a scrivener's error.

[4]   Rec. at pp. 5-7.

[5]   Ms. Viezcas also urges other errors involving the assessment of residual functional capacity ("RFC") and the sufficiency of evidence for denial of the claim. The Court need not address these contentions in light of the need for reversal on other grounds. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (declining to address additional claims by the plaintiff because the error being discussed had "affected the disability analysis as a whole").

administrative law judge ignored portions of the opinions without explanation. Ms. Viezcas is correct.

    A.    <u>Duty to Discuss Agency Physicians' Opinions</u>

Under Social Security Ruling 96-6p, administrative law judges "may not ignore [the] opinions [of agency physicians] and must explain the weight given to these opinions in their decisions."[6] Thus, the Tenth Circuit Court of Appeals has required administrative law judges to discuss and weigh the opinions of agency doctors.[7]

    B.    <u>Dr. Boesen's Opinion</u>

Dr. Boesen concluded that Ms. Viezcas suffered from moderate limitations in the ability to:

- interact appropriately with the general public,

- get along with coworkers or peers without distracting them or exhibiting behavioral extremes,

- complete a normal workday and workweek without interruptions from psychologically based symptoms, and

---

[6] Social Security Ruling 96-6p, Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians and Psychologists at the Administrative Law Judge and Appeals Council Levels of Administrative Review; Medical Equivalence, 1996 WL 374180, Westlaw op. at 1 (July 2, 1996); *see also Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

[7] *See Shubargo v. Barnhart*, 161 Fed. Appx. 748, 753-54 (10th Cir. Dec. 13, 2005) (unpublished op.) (reversing based on the administrative law judge's failure to discuss an opinion by a state agency physician); *Tiger v. Apfel*, 141 F.3d 1186, 1998 WL 166246, Westlaw op. at 2 (10th Cir. Apr. 7, 1998) (unpublished op.) (holding that the administrative law judge's failure to "discuss and weigh" opinions by an agency psychologist constituted error).

- perform at a consistent pace without an unreasonable number and length of rest periods.

Rec. at pp. 220-21.

### The Administrative Law Judge's Omissions

The Plaintiff contends that the administrative law judge had failed to discuss the second, third, and fourth limitations.[8] The undersigned agrees.

The administrative law judge acknowledged Dr. Boesen's opinion, stated that he concurred with it, and found that Ms. Viezcas could only experience "limited contact with the general public." *Id.* at p. 20; *see also id.* at p. 16. But the administrative law judge failed to address Dr. Boesen's opinions involving the ability to get along with coworkers or peers, to complete a normal workweek without interruptions from psychological symptoms, and to perform at a consistent pace without an unreasonable need for rest.

The Tenth Circuit Court of Appeals addressed a similar issue in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There an examining doctor assessed the plaintiff's mental RFC. *See Haga v. Astrue*, 482 F.3d at 1207. The doctor concluded that the claimant had suffered from moderate limitations in the ability to:

- understand, remember, and carry out detailed instructions,
- deal with the general public,

---

[8] The Plaintiff also contends that the administrative law judge should have addressed Dr. Boesen's assessment of a moderate limitation in the ability to maintain concentration for extended time-periods. Rec. at p. 220. For the Court's discussion, however, the only material opinions by Dr. Boesen are those discussed in the text.

- respond appropriately to workplace pressures and changes.

*Id.* The administrative law judge's RFC assessment reflected some of the limitations, but not others. The appeals court stated:

> By including in his RFC determination that [the claimant] was limited to "simple, repetitive tasks" with "only incidental contact with the public" and "no requirement for making change," the [administrative law judge] apparently accepted that [the claimant] [was] not able to "[u]nderstand and remember detailed instructions," "[c]arry out detailed instructions," or "[i]nteract appropriately with the public," all categories that [the state agency physician] marked as moderately impaired.

*Id.* at 1208 (citations omitted). But the judge failed to explain his rejection of the limitations involving the plaintiff's ability to deal with supervisors and coworkers and respond to workplace pressures and changes. *Id.* As a result, the Tenth Circuit Court of Appeals concluded "that the [administrative law judge] should have explained why he [had] rejected four of the moderate restrictions on [the physician's] RFC assessment while appearing to adopt the others." *Id.* (citation omitted).

*Haga* compels reversal and remand. As in *Haga*, the administrative law judge adopted some of the restrictions assessed by the agency doctor. But without explanation, the administrative law judge failed to address Dr. Boesen's limitations involving Ms. Viezcas' ability to get along with coworkers or peers, to complete a normal workweek without interruptions from psychological symptoms, and to perform at a consistent pace without an unreasonable need for rest. The *Haga* court held that such selectivity constitutes reversible

error, and the same is true here. *See Confere v. Astrue*, 2007 WL 1196520, Westlaw op. at 2-3 (10th Cir. Apr. 24, 2007) (unpublished op.) (reversing under *Haga* when the administrative law judge's RFC assessment included some of the limitations identified by two doctors, but omitted others without any explanation).

The Commissioner's Arguments

The Defendant argues that the administrative law judge had considered one opinion and had no obligation to discuss the others. These arguments are mistaken.

The Commissioner points out that the administrative law judge had acknowledged a limited ability to interact with the general public. But this limitation was different from Dr. Boesen's restriction on interaction with coworkers. For example, in *Haga*, the administrative law judge apparently accepted that the claimant could not interact with the general public. *See supra* pp. 4-5. But the Court of Appeals found error in the failure to discuss the agency doctor's opinion regarding a limited ability to deal with supervisors or coworkers. *See supra* p. 5.

The Commissioner does not suggest that the administrative law judge had considered the opinions involving the inability to complete a normal workweek or to work at a consistent pace without an unreasonable need for rest. Instead, the Commissioner contends that a check-the-box form, without narrative, does not constitute substantial evidence and that the judge had discussed the observations relied upon by Dr. Boesen.

This argument confuses two separate requirements. The administrative law judge must have substantial evidence for his findings, and he must weigh and discuss the opinions by agency physicians. *See supra* pp. 2-3. Dr. Boesen supplied a detailed narrative with her form, and her assessment unquestionably constituted substantial evidence.[9] Indeed, the judge purported to rely, at least in part, on Dr. Boesen's assessment. Rec. at p. 20. The judge could not avoid the need to discuss Dr. Boesen's assessment by focusing solely on the medical opinions referenced in her narrative. *See Shubargo v. Barnhart*, 161 Fed. Appx. 748, 753-54 (10th Cir. Dec. 13, 2005) (unpublished op.) (error in the failure to discuss an agency doctor's RFC assessment notwithstanding discrepancies between the physician's opinion and other medical opinions).

C.   Dr. Wilson's Opinion

Dr. Wilson concluded that the Plaintiff had a "limited" ability to handle objects. Rec. at p. 240. The physician explained: "The claimant's grip strength is 4/5 so she should avoid constant handling." *Id.* The administrative law judge failed to mention this restriction and did not otherwise explain his apparent rejection. *See id.* at pp. 13-21. As alleged by Ms. Viezcas, the omission constituted reversible error.

The Defendant argues that:

● Dr. Jon Yankey's opinion supported the judge's decision to exclude a handling limitation, and

---

[9]   *See* Rec. at p. 236; *see also Wise v. Barnhart*, 42 Fed. Appx. 331, 334 (10th Cir. July 9, 2002) (unpublished op.) (holding that a physician's medical assessment form, accompanied by a narrative history, constituted substantial evidence for the administrative law judge's findings).

- any failure to include a restriction on handling was harmless error.

The Court should reject the Defendant's arguments.

The first argument is invalid as a matter of law. The administrative law judge did not state that he was rejecting Dr. Wilson's opinion in favor of one by Dr. Yankey,[10] and the Court cannot rely on the Defendant's post-hoc justification.[11]

Second, the Defendant argues the error was harmless because employment as a factory-worker or sewing-machine operator would not have required constant handling. This argument is also invalid.

The error was harmless only if the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

The Court has no way of knowing what the administrative law judge would have done if he had credited Dr. Wilson's opinions. Some jobs as a sewing-machine operator or factory worker would have required constant handling according to the Dictionary of Occupational

---

[10] *See* Rec. at pp. 13-21.

[11] *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

Titles.[12] Others would have required less handling.[13] The vocational expert did not address the conflicting provisions in the Dictionary of Occupational Titles because he was never asked about the effect of a handling limitation on the Plaintiff's ability to work in a factory or on a sewing-machine. Thus, one cannot know whether the administrative law judge would have found an ability to work in a factory or on a sewing-machine if his RFC assessment had included a limitation on handling. In these circumstances, the judge's error cannot be regarded as harmless.

IV.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is September 20, 2007. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 ( 10th Cir. 1996) ("Issues raised

---

[12] *E.g.*, Dictionary of Occupational Titles 780.682-010 ("Sewing-Machine Operator"), 786.682-206 ("Picked-Edge Sewing-Machine Operator"), 786.685-030 ("Sewing-Machine Operator, Semiautomatic"), 787.682-050 ("Sewing-Machine Operator"), 787.682-054 ("Sewing-Machine Operator"), 787.682-058 ("Sewing-Machine Operator II"), 787.682-066 ("Sewing Machine Operator I"), 787.682-074 ("Sewing-Machine Operator"), 700.684-014 ("Assembler").

[13] *E.g.*, Dictionary of Occupational Titles 653.682-010 ("Book-Sewing-Machine Operator II"), 653.685-14 ("Book-Sewing-Machine Operator I"), 689.685-118 ("Sewing-Machine Operator, Special Equipment"), 787.682.046 ("Sewing-Machine Operator"), 787.685-010 ("Fastener-Sewing-Machine Operator"), 787.685-034 ("Sewing-Machine Operator, Zipper"), 787.685-054 ("Sewing-Machine Operator, Paper Bags"), 701.687-010 ("Assembler"), 733.685-010 ("Assembler").

for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 30th day of August, 2007.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge